**Ernestine OVALLE and Gonzalo Ovalle, Appellants,**

v.

**A. A. CUDA, d/b/a Cuda's Grocery & Market, et al., Appellees.**

**No. 5627.**

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1976.

Rehearing Denied Oct. 28, 1976.

Samuel F. Biery and Fred Biery, Biery, Biery, Davis & Myers, San Antonio, for appellants.

J. Michael Myers and Damon Ball, Groce, Locke & Hebdon, San Antonio, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Ovalle from instructed verdict plaintiffs take nothing in a slip and fall case.

Plaintiffs sued defendants A. A. Cuda, J. F. Cuda, and R. G. Cuda all d/b/a Cuda's Grocery and Market, for personal injuries allegedly sustained by Ernestine Ovalle on December 27, 1974 on defendants' premises at 4803 South Flores, San Antonio.

Mrs. Ovalle alleged she was entering defendants' place of business on a rainy morn-

ing on December 27, 1974 about 10 AM, to purchase groceries, and was in the process of taking hold of the safety railing for the purpose of walking up the defendants' concrete entrance ramp, when she slipped and fell because of a patch of grass which defendants allowed to grow onto the concrete entrance ramp. As a result of such fall she alleged she suffered a broken right ankle and fractured tailbone.

After the jury had deliberated for some four hours they reported to the court they were deadlocked. At this point defendants moved the court to withdraw the case from the jury and render judgment for defendants asserting:

1) There is no evidence any one of defendants owned or had any leasehold interest in the premises in question on the date in question.

2) There is no evidence that Ernestine Ovalle was caused to fall by the grass in question.

3) As a matter of law the grass in question did not constitute a dangerous condition creating an unreasonable risk of harm.

4) The grass in question was an open and obvious condition.

The trial court granted such motion and rendered judgment plaintiffs take nothing.

Plaintiffs appeal on 5 points contending the trial court erred in granting defendants' motion for instructed verdict:

1) Because the evidence and inferences therefrom support a finding the defendants owned the premises on the date of the accident.

2) Because the evidence and inferences therefrom support a finding plaintiff was caused to fall by the grass in question.

3) Because the evidence and inference therefrom support a finding the grass did constitute a dangerous condition creating an unreasonable risk of harm.

4) The dangerous condition in question was not as a matter of law an open and obvious condition.

For the judgment to be reversed all four of plaintiffs' contentions must be sustained.

We revert to plaintiffs' point 2 contending the evidence and inferences therefrom support a finding plaintiff was caused to fall by the grass.

Plaintiff plead that she was caused to fall by the grass growing "through the pavement at the point where Mrs. Ovalle approached the entrance ramp and which grass was extremely slippery."

Plaintiffs' Exhibit 1 is a photograph which shows grass growing below the end of the safety railing closest to the building which Mrs. Ovalle testified she was holding onto when she fell.

On December 27, 1974 at 10 AM, Mrs. Ovalle and her daughter drove to Cuda's Grocery and Market to shop for groceries. It was drizzling and misting. The daughter parked the car in one of the two parking spaces closest to a ramp entranceway to the store, and both exited from the car on the driver's side. The daughter preceded Mrs. Ovalle up the entranceway, and did not see her mother fall. Mrs. Ovalle testified: "I got caught in the rain walking, but as I stepped, I slipped and fell; * * * I walked toward the store and I decided to hold onto the hand rail * * * closest to the building; * * *. As I held onto it, then I stepped to go forward. I slipped and fell on my seat." Mrs. Ovalle *did not* testify that she either stepped on or slipped upon a patch of grass that was growing by the sidewalk leading to the ramp. No other witness so testified. The photographic Exhibit merely shows that there was grass in the vicinity where plaintiff was walking when she slipped and fell. There is no evidence that plaintiff slipped and fell on the grass in the photograph, or that such grass caused her to fall.

Plaintiffs' contention 2 is overruled.

AFFIRMED.